CANDELARIO ALICEA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 1259. Submitted November 7, 1949.—Decided June 21, 1950.

*J. C. Rodríguez Cebollero* for appellant. The Registrar did not appear. *Rafael R. Fuertes, Félix Bello,* and *A. Sandín del Manzano,* counsel for the Planning Board, as *amicus curiae.*

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On November 1, 1944 Gonzalo Diago, in his capacity of City Manager, executed before Notary Luis A. Castro a deed of "Execution of Auction and Assignment and Conveyance of Lot" in favor of the appellant herein, Candelario Alicea. The deed recited that the Capital of Puerto Rico was the owner in fee simple of a property with an area of 64,313.60 square meters—which was described in said deed—recorded in the registry of property; that pursuant to Ordinance No. 2 of 1944, approved by the Board of Commissioners of the Capital on February 9 of that year, the City Manager announced the auction, authorized by it, of certain lots in the aforesaid property, according to a plan drawn on October 6, 1944 by municipal engineer Juan José Otero; that on October 25 of that year the Administrative Board, acting as an Auction Board, received a bid from appellant herein to acquire Lot No. 20 in Núñez Prieto Street, according to

556

that plan, and that the Board unanimously awarded appellant herein the lot "for the sum of one dollar", as appears from a certificate issued by the Acting Secretary of the Capital affixed to said deed; and that in compliance with the mandate contained in the aforesaid Ordinance, the City Manager conveyed to appellant herein "any title or interest which the Capital of Puerto Rico might have in and in connection with the aforesaid lot, in order that the same be recorded in the registry of property as an independent property in the name of the second party", said conveyance being carried out "in consideration of the nominal price of one dollar which the second party delivers to the first party at the time of the execution of this deed".

It was stated in the deed that "the second party, don Candelario Alicea, has been in possession of a lot known as lot number 20, Núñez Prieto Street . . ." (The lot, with an area of 134.10 square meters, is described).

Several years after the execution of this deed,[1] it was

---

[1] Attached to said deed, appellant submitted to the Registrar a certified copy of Ordinance No. 2 approved by the Government of the Capital on February 9, 1944. The first Section thereof reads thus:

"The City Manager is hereby authorized and directed to lease or sell at public auction, according to the circumstances of each case, each and every one of the lots belonging to the Government of the Capital, located in the Shanghai and San Ciprián Wards of this municipality. The parcels of land or lots referred to in this Section are described and numbered in the report thereon in possession of the Secretary of the Capital and of the Auditor of the Capital, copy of which is attached to this Ordinance; also attached was a copy of a segregating plan of the main property drawn by the municipal engineer Juan José Otero; an affidavit of the appellant reciting that a house built in 1933 stands on the lot conveyed to him in the aforesaid deed and a simple copy of a list of persons occupying lots in the main property. The appellant has also filed a copy of a "Declaration of Intent to Subdivide", submitted in his name to the Planning, Urbanizing and Zoning Board, dated March 30, 1949, which contains a description of the main property of which the lot referred to in the deed whose recordation was refused by the Registrar forms part. A communication addressed to the appellant by the Secretary of the aforesaid Board, dated May 2, 1949, returning to him said application (Form No. 31) is attached to said document bearing the following remark: "Application of subdivision of the proposed lot should be submitted through the Municipality of San Juan as the proposer, duly executed."

presented for recordation to the Registrar of Property of San Juan, who on July 28, 1949 refused recordation thereof on the following grounds:

"The record of the preceding document has been DENIED in view of the failure to show that the segregation of the lot described herein has been approved by the Puerto Rico Planning, Urbanizing and Zoning Board. Instead a cautionary notice for 120 days has been entered in favor of Candelario Alicea at folio 107 of volume 332 of North Santurce, estate 12081, record letter A, with the curable defects that the civil status of the acquirer, the status of Gonzalo Diago and the boundaries of the lot which is free of liens are not given."

The appellant appealed from this ruling on the ground that the Registrar erred (1) in requiring a document from the Planning Board approving the segregation of the lot sought to be recorded, inasmuch as, according to the appellant, said lot was in fact segregated in 1932; (2) in deciding that it is incumbent upon the Board to approve or refuse the segregations of the main property; (3) in deciding that the segregation of said lot prior to 1942 was not in fact established; (4) in discriminating in the recordation of the segregations of lots of the main property, recording some and refusing to record others, and (5) in giving Act No. 213 of May 12, 1942 a retroactive effect.

■ The foregoing errors, although assigned separately, present a single legal question which we shall presently discuss, disregarding No. 4, since, in the first place, nothing in the record indicates that segregations of the main property involved herein were recorded in the registry of property; and, in the second place, because it is not the duty of this Court, in an appeal of this nature, to pass upon questions alien to the merits of the question involved therein pursuant to the law and to the grounds set forth by the Registrar in refusing to record a certain document. It remains, therefore, to be determined, whether the Registrar acted correctly in requiring, prior to recording the deed under consideration,

a verification of the previous approval by the Planning Board of the segregation and conveyance of the lot acquired by appellant.

■■ As we have seen, a property which according to the deed belonged to the Government of the Capital,[2] is involved herein. The ordinance by virtue of which the auction was announced and the award made in favor of the appellant herein, was approved February 9, 1944. The deed was executed on November 1, 1944.

Section 24 of Act No. 213 of May 12, 1942, as amended, prescribes in part as follows:

"From and after the effective date of applicable subdivision regulations provided for under Section 10 hereof, no subdivision of land within Puerto Rico shall be made, and no plat of a subdivision of land in urban areas or for urbanizations shall be received for recording, no buildings shall be erected, no land sold or leased, and no permit issued, except, and to the extent, that the same shall comply with said regulations and shall have been finally approved according thereto by the Board; *Provided, however*, That the Board may, in its discretion approve the sale or lease of land in subdivisions, subsequent only to the preliminary approval thereof by the Board, for which the Board is hereby authorized. . . ."

The last sentence thereof provides:

"No registrar shall receive for record any plat of a subdivision not finally approved and signed by the Board, or any conveyance of, or agreement to convey, a parcel of land or interest therein within a subdivision, unless a final or preliminary plat approved by the Board shall have been recorded."

In regard to this latter proviso of § 24, we said in *Rivera v. Registrar*, 64 P.R.R. 440, 444, ". . . The law does not confer upon the registrar any discretion as to whether he may exempt any person from the obligation imposed by the

---

[2] The Board, in its brief as *amicus curiae*, holds that in said deed the Government of the Capital "alienated property of the People of Puerto Rico which it held in trust." We shall confine the scope of this opinion solely to the question raised in the ruling refusing recordation.

Act or the regulations. It is his duty to refuse recordation of the document presented if the corresponding plat approved by the Board or the corresponding certificate issued by the Board is not attached. In view of the fact that in this case neither of those papers were presented, the registrar was right in refusing to record the document." This principle was ratified in *Ramos* v. *Registrar*, 69 P.R.R. 660.

 Whether the segregated lot actually existed as such prior to the effectiveness of the Subdivision Regulations, is not within the province of the Registrar to decide at first instance, but rather within the province of the Board itself.[3] And contrary to appellant's argument, the Registrar in the case at bar did not make any pronouncement as to whether the segregation existed in fact before the Subdivision Regulations became effective. His refusal to record the document complied with the mandate of the law to the effect that no subdivision shall be recorded without previous approval by the Board. The fact that the Government of the Capital approved an ordinance on February 9, 1944 authorizing the City Manager to either *sell* or *lease* lots *at public auction*,[4] according to the circumstances of each case, does not by itself indicate that a segregation in fact existed prior to the approval of the Subdivision Regulations. This fact had to be verified before the Board in order that the latter, in the exercise of its power to administer the law, made a pronouncement in that sense, *provided that no other legal impediment existed*. Then appellant would have been able, with proof of such determination, to resort to the Registry for recordation. *Rivera* v. *Registrar, supra; cf. Matos* v. *Planning Board*, 66 P.R.R. 417. We said in *Rivera* v. *Registrar, supra*, that "in the definition of the term 'subdivision,' as stated in the Act, parcels of land containing buildings are not excluded from its meaning". To the same effect see

---

[3] As a limitation to this Rule see *Rosado* v. *Registrar, ante*, p. 516.

[4] The validity of the aforesaid ordinance or of the award and sale made to the appellant for one dollar, is not involved herein.

*Fortunet* v. *Planning Board*, 67 P.R.R. 245, 248. The fact, then, that a building stood on the lot segregated and sold to appellant, prior—according to him—to the effectiveness of the Subdivision Regulations, does not render the latter inapplicable, for it is now, after they became effective, that the sale takes place and that—apparently and until the Board decides otherwise—the segregation is accomplished. See *Zayas* v. *Registrar*, 68 P.R.R. 39. Therefore, the Registrar did not, as appellant holds, give a retroactive effect to the Act.

■ On the other hand, the appearances of this case tend to indicate that a project of the Government of the Capital is involved, by means of which the latter, pursuant to the above-mentioned ordinance, disposed of the lands in question, selling and leasing them in order to meet the condition brought about by a ward which kept growing until it covered the entire area of the main property, without any previous plans for urban development. In that case, as indicated by the Board upon returning to appellant the "Declaration of Intent to Subdivide" which he erroneously submitted to the Board—see footnote (1)—it is the Government of the Capital itself which should submit the project to the Board, pursuant to § 22 of the Act, for proper proceedings. See *Municipality* v. *Planning Board*, 67 P.R.R. 720.

Under the facts of the case at bar, and within the limitations and function of this appeal, we hold that the Registrar did not apply Act No. 213 of May 12, 1942, retroactively; that he acted correctly in refusing the recordation sought for failure to establish the previous approval by the Board of the segregation and sale of the lot acquired by appellant, and that under the authority conferred on it by law, it is the Board which should grant the necessary authorization or dispensation for segregations made subsequent to the effectiveness of the Subdivision Regulations.

The ruling appealed from is affirmed.